BOUTALL, Judge.
In this suit plaintiff, Kraftco Corporation, seeks the same relief as does Schweg-mann Brothers Giant Supermarkets, Dairy Fresh Corporation, and Delight Distributing and Sales Company, Inc., in the consolidated case number 7314, 323 So.2d 810 on our docket. Judgment was rendered against Kraftco Corporation in this case because of a lack of evidence presented by Kraftco at the trial. Kraftco sought a new trial, alleging new evidence. This motion was denied and Kraftco has appealed.
The basic facts and issues of law in this case are fully discussed in our decision in Schwegmann Brothers Giant Supermarkets, al. v. Edwards, et al., 323 So.2d 810, number 7314 on our docket.
Judgment was rendered against Kraftco because it was not able to present sufficient evidence that the tests run on its raw milk products were conducted by state officials or agencies. Dairy Fresh was able to produce this evidence and for that reason was granted a writ of mandamus ordering the issuance of a permit.
Section S.B.4 of the Sanitary Code, State of Louisiana allows the importation of milk and milk products if they are of Grade A quality. In order to insure Grade A quality Louisiana retains the right to inspect the production sources of the foreign milk. These inspections can be either made by a Louisiana health official or the Louisiana health official can “. . . accept the certificate of inspection of a duly authorized governmental representative, agent or agency of such other state wherein such products are produced.”
The trial court felt that Kraftco Corporation failed to show that a state representative, agent or agency could send such a certificate to Louisiana. We agree. The record shows that Kraftco receives most all its milk from a dairy cooperative (AMPI). The bulk of the tests are conducted by AMPI in its laboratory. The only evidence of state intervention in this testing procedure is an assurance by the Assistant General Manager of Kraftco that the laboratory is “state certified”, although he admits the laboratory is owned by AMPI and operated by AMPI employees. The above facts do not evidence sufficient *817 compliance with the intent of section 5.B.4 of the Louisiana Sanitary Code and Louisiana health officials could properly refuse to accept any certificates from the AMPI laboratory.
Kraftco in its application for a new trial attempted to cure this evidentiary defect by introducing affidavits from Tennessee state health officials as to the propriety of these tests. These affidavits merely affirm the testimony already in the record. The only new revelation was the assertion that the state of Tennessee fully accepts AMPI’s test results as part of their enforcement program. The fact that Tennessee chooses to enforce its regulations by use of a dairy industry laboratory program does not mean that Louisiana must accept that program. We do not feel that Louisiana is unreasonable in expecting state agents or agencies to administer these tests.
For the foregoing reasons the judgment of the trial court is affirmed. Plaintiff, Kraftco Corporation, is to pay all costs.

Affirmed.